## STEPHEN RAYMOND *versus* GEORGE WALES, MATTHEW HOWARD WEBSTER, and EDWARD WARNER.

### March 4, 1841.

J. A. Van Dyke, attorney for petitioner.

G. Bates, H. N. Walker, and Douglass, attorneys for respondants.

[Paper 1]
[INDORSEMENT]

Sup. Court 1st Circuit.

Raymond
   vs.
Warner Jun<sup>r</sup>
   et al.

Mem° of opinion—

[OPINION]

Sup. Court 1ˢᵗ Circuit.

Stephen Raymond
    vs.
Edward Warner Junʳ
George Wales &
Matthew H. Webster

In this case a motion is made by the Counsel for the Plff for a mandamus to be directed to the Judges of the Circuit Court for the County of Wayne commanding them to dismiss a suit entered in that court by the above named Defts. on appeal from the Judgᵗ of a justice of the peace.

The affidavit of the Plff upon which the motion is made, sets forth that the Plff sued Warner, as constable, and the other two Defts his sureties in an action of debt, and declared against them, & alleged that the Plff had delivered to the said Warner, as such constable, a certain execution issued on a judgᵗ rendered by J. W. Strong Esq. a Justice, in favor of the Plff and against Abraham Starks—And that the said constable had failed to return the execution within the life of the same.—

That on the trial of that suit judgᵗ was rendered in favor of the Plff and against the Defts for $97.50. That the Defts appealed from said judgᵗ to the said Circuit Court, and caused the appeal to be entered in the Circuit Court at the last May term—That his attorney at the same term moved the Circuit [Court] to dismiss the appeal, and that his motion was denied, and that the appeal in is now pending in that Court. That a supersedeas to the Exⁿ on the judgᵗ rendered by the Justice, has been issued by the Presiding Judge at the Circuit Court.

In support of the Mo. it is contended that the Circuit Court has no jurisdiction of the cause, on the ground that,

in such a case the Rev. Stat. expressly prohibit an appeal by the constable and his sureties in actions against them for such default of the constable—

The 25 Section of the Stat. relating to Justice's Courts, gives an action of debt against a constable and his sureties for the neglect of the constable in serving an execution, and authorizes the justice who shall try the case to give judg$^t$ for the amount of the ex$^n$ and 25 per cent damages thereon, with interest and costs; and expressly declares that, in such case, "neither the constable not his sureties shall be entitled to any stay of ex$^n$ or *an appeal,* but ex$^n$ shall issue forthwith."—

In opposition to the Motion it is urged, that by the 33$^d$ Sect. it is expressly declared that no order, or proceedings whatsoever had or made by any justice of the peace, under the authority of any law of this State shall be removed to the Supreme Court by certiorari or otherwise—, but may be reviewed and corrected only by appeal to the Circuit Court according to the provisions of that Chapter—And that by the 34th Section, being a part of that Chapter it is provided that either may have an appeal to the Circuit Court, in all matters and proceedings before a Justice, upon which heretofore, according to the laws and usages of this State, a writ of certiorari might have been allowed and taken, to remove the same to the Supreme Court, and that upon inspection and ex$^n$ of such proceedings the Circuit Court shall give such judg$^t$ or make such order, as law and justice, and the rights of the parties shall require.—

There is certainly a mainfest inconsistency in these provisions—one prohibiting an appeal in a given case from the judg$^t$ of a justice—and the other giving a party in all cases a right to appeal when by the laws and usages of this State, prior to adoption of the Revised Stat. the case might have

been removed by certiorari to the Sup. Court. and when in the given cases, where by the 25 Sect. the appeal is prohibited, a certiorari to the Sup. Court did lay under those prior laws and usages.

Up to the time of the taking effect of the Rev. Stat. a Judg$^t$ against a constable and his sureties for the neglect mentioned, could be removed to the Sup. Court by certiorari only—the appeal to the Circuit [Court] was then also expressly forbidden. And by the laws in force at the time of the adoption of the Rev. Stat. either party to a Judg$^t$ rendered by a Justice in all cases make [might] take his certiorari to the Sup. Court.

By the Rev. Stat. the right to remove to the Sup. Court was entirely abolished in the most general terms—not confining it to judg$^{ts}$ rendered in the ordinary jurisdiction in civil cases at law, but including all orders or proceedings of a Justice whatever under the authority of the laws of the State—

And in the same Chapter it is also explicitly declared that in all cases when by the former laws and usages, a certiorari might have been taken to the Sup. Court, either party may appeal to the Circuit Court, and have the record inspected and decide by that Court, as upon certiorari—

The manifest intent of the legislature in this provision was to substitute an appeal to the Circuit Court in all cases where by the former laws a certiorari might be taken to the Sup. Court.

It was evidently an oversight, after making this general provision, that the prohibition of an appeal in the 25 Sect. was stricken not out.

This prohibition was in all the former Stat., but then the Defts could review the proceedings on certiorari—

It can hardly be supposed that the legislature intended to take away every mode of review or redress in cases of such

summary proceedings before a Justice of the peace, and where too he was authorized to inflict a heavy penalty upon the officer and his sureties—25 per cent & interest upon the .am$^t$ of the ex$^n$

With these views of the subject, the provisions of the Stat. conflicting in terms directly, I think the Defts are entitled to the same 'remedy, to .which they would have been entitled to in the Sup. Court on certiorari previous to the adoption of the Rev. Stat. only modifying it however, as to the form, by taking this special appeal in the nature of a certiorari to the Circuit Court, according .to the provisions of the Rev. Stat.

Mo. denied—


[Paper 2]

[INDORSEMENT]

Sup Court: 1st Cir$^t$

Stephen Raymond
vs
Ed$^{wd}$ Warner Et al

Opinion of C. W. W.
Van Dyke for pff.
Bates, Walker & Douglass
    for defendant.


[DISSENTING OPINION]

Ex parte Stephen Raymond &:

This is a motion made by Stephen Raymond, for a mandamus to the Circuit Court of Wayne County, directing that Court to vacate and order, & dismiss an appeal;

The application is grounded on the following statement of facts, which are admitted by Counsel on both sides to be true.

It appears that Raymond instituted an action of Debt before a Justice of the Peace against one Edward Warner & his sureties, under the provisions of the 25 Section of Chapter 5 title 2 part 3 of the Revised [Statutes]: Warner was a Constable to whom, it would seem, an execution in favor of Raymond was confided for the purpose of being collected: failing in the performance of his duty in this respect the action of Debt, provided for in the section above cited was commenced, as well against the Constable as his sureties George Wales & Matthew H. Webster: The Justice rendered a judgment in favor of the plaintiff, & from that judgment the parties defendants took an appeal to the Circuit Court: upon entering the appeal, the plaintiff appellee moved the Circuit Court to dismiss the appeal for want of jurisdiction: this motion was denied, & the plaintiff now applies to this Court for a mandamus to the Circuit Court, directing that tribunal to vacate the order overruling the motion to dismiss the appeal, and further directing the Court to dismiss the cause:

The decision of this Court upon the application, must depend upon the construction of the 25, 29, & 33 Sections of the Justice's Act: The 25 Section provides that "in case any sheriff or constable, to whom an execution shall be delivered, shall not levy the same on the goods & chattels of the person against whom such execution shall be granted, and on the return day thereof pay the debt or damages, with interest & costs &c levied, in the hands of the Justice who issued the same; the said Sheriff or Constable, and their sureties, shall be holden to pay the amount of such judgment, with interest & costs, to the person in whose favor such execution was

granted, to be recovered by action of debt: in which case, & in cases where judgment is entered on motion against him, *neither the sheriff or constable, nor their sureties, shall be entitled to any stay of execution, or an appeal,* but execution shall issue forthwith": Section 29 provides, that "if any person shall conceive himself injured by any judgment of a Justice of the Peace, except in cases where judgment is rendered on the report of referees or arbitrators, such party, his agent or attorney, may appeal to the Circuit Court of the County" &c: Sec 33 provides that "no judgment or or proceeding whatever, to be had or made by any Justice of the Peace, under the authority of any law of this State, shall be removed to the Supreme Court by any writ of Error, false judgment, habeas Corpus Cum Causa, certiorari or by appeal; but may be reviewed only by appeal to the Circuit Court of the proper County, according to the provisions of this Chapter." Sec 34 provides, that "in all cases where either party shall appeal from the judgment of a Justice of the Peace pursuant to the provisions of this Chapter, the Circuit Court to which the appeal is taken, shall have authority to inspect & examine into the proceedings of the Justice" &c with respect to all matters which heretofore, according to the laws of the State, a writ of Certiorari might have been allowed & taken to remove a cause to the Supreme Court: and upon such inspection & examination the Circuit are authorized to make such order as law & justice & the right of the parties shall require.

The 25th Section is clear & explicit: it expressly denies the right of appeal to a sheriff or constable and their sureties in cases where judgment is rendered against them for a failure on the part of the Sheriff or Constable to perform the duties enjoined upon them by that Section:

The 29 Section is equally clear, & grants to any party who may consider himself injured by the judgment of a

Justice of the Peace, the right of appeal, except in certain cases:

The 33rd & 34th Sections prohibit the removal of judgments &c rendered by Justices of the peace to the Supreme Court, but provides a remedy by appeal to the Circuit Court, which is authorized to inspect the proceedings of the Court below, and generally, to exercise, both in reviewing the case & in giving judgment all the powers which the Supreme Court formerly exercised, when writs of certiorari were sued out for the removal of causes originating before Justices of the Peace:

The 25 & 29 Sections apparently conflict the one with the other, and we are called upon to give such a construction to these Sections, as will conform to the intentions of the Legislature, & if possible, to give such effect to each provision, as that the whole may stand well together:

The obvious intent of the Legislature in denying the right of appeal to ministerial officers who should fail in the performance of their duty, was to ensure faithfulness & fidelity on their part, & to provide a summary remedy for those who might be injured by reason of their unfaithfulness or infidelity The provision of law which denies the right of appeal, is well calculated to achieve the object the Legislature had in view: The proceding is in its nature summary, and the remedy somewhat stern, but not too summary or stern for a breach of trust & a violation of duty by a public officer, who should, in all cases, be held to a strict account.

How then can we reconcile the provisions of Sec 25 & 29. Simply by supposing that the legislature never intended in one breath and in direct & intelligable language to deny a right of appeal, & at the same time by a general provision, embracing all but one excepted case, affirm that right: The reasonable & only rational construction, evidently is, that the

general right of appeal was intended to be given in all cases by the 29 Sec, except such as are either expressly excepted in that Section, or in any other Section of the same Chapter. By this construction, each provision is made to harmonize with the other, & no violence is done to any rule of construction with which I am familiar.

But it is contended that the Legislature never intended to deprive a party against whom a judgment may be rendered by a Justice of the peace, of the right of having that judgment reviewed either by appeal or Certiorari. As a general proposition it is true that a party ought not to be bound, conclusively, by the judgment of a Justice; hence the Legislature has provided an appropriate remedy by which such judgment may be reviewed: Public policy, however, as in this case, may suggest the propriety of denying to a public officer, a remedy, which in his individual capacity he might be entitled to; and such if [as] I am disposed to think was the motive in the cases like that under consideration.—

But it is by no means certain that such a judgment may not be removed to this Court by a writ of certiorari: the 33 Sec directs that no order or proceeding of a justice of the Peace shall be removed to the Supreme Court by a writ of certiorari, but that the remedy shall be by appeal to the Circuit Court: The 3rd Sec of Chap 1 title 1 part 3 of the Revised Statutes, gives to this Court a general superintendence over all inferior jurisdictions, to prevent & correct abuses therein, *where no other remedy is provided by law:* The remedy by appeal in a case like the present being expressly denied, it may be a question whether this Court may not, by a writ of certiorari, correct any "Error or abuse," that may occur even in proceedings against sheriffs or constables who may be charged with a dereliction of duty: The remedy by appeal, however, is clearly prohibited by law, & it is not

necessary to the decision of the present question, whether any other remedy, than that by appeal has been provided.

I am, therefore, of opinion that the mandamus should issue as prayed for: